J-S52036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES CROAK | |
| Appellant | No. 804 EDA 2014 |

Appeal from the Judgment of Sentence January 16, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003924-2013

BEFORE: GANTMAN, P.J., ALLEN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:          **FILED NOVEMBER 18, 2014**

Appellant, James Croak, appeals from the judgment of sentence entered in the Bucks County Court of Common Pleas, following his jury trial convictions for persons not to possess a firearm and possession of a small amount of marijuana.[1] We affirm.

The relevant facts and procedural history of this case are as follows. On April 7, 2013, Jared Miller was on the front lawn of his residence when he observed Appellant walking in the area of Erie Avenue and Penrose Street in Quakertown. Appellant was stumbling and appeared to be intoxicated. When Appellant bent over, Mr. Miller observed a revolver holstered on his

_____

[1] 18 Pa.C.S.A. § 6105(a)(1), 35 P.S. § 780-113(a)(31), respectively.

_____

*Former Justice specially assigned to the Superior Court.

right hip and another firearm tucked in the back of his pants. Mr. Miller called 911 and reported what he saw.

Approximately three to four minutes later, Quakertown Borough Police Officers Mario Cabrera and Bryan Lockwood arrived. After speaking with a neighbor, the officers proceeded to Appellant's residence. Officer Cabrera approached the residence and rang the doorbell three times. On the third attempt, Officer Cabrera looked through the door window and observed Appellant holding a firearm. When Officer Cabrera identified himself, he observed Appellant toss the firearm behind the door as Appellant simultaneously opened the door. Officer Cabrera asked Appellant to step outside. Officer Cabrera then recovered a loaded black revolver lying next to a holster in the area where Officer Cabrera saw Appellant toss the firearm. Thereafter, Appellant was arrested. During a search incident to arrest, the officers found a smoking pipe on Appellant's person. The pipe contained marijuana residue.

The Commonwealth charged Appellant with persons not to possess a firearm and possession of a small amount of marijuana. Following a one-day trial on October 22, 2013, a jury convicted Appellant of all charges. On January 16, 2014, the court sentenced Appellant to an aggregate term of five (5) to ten (10) years' imprisonment.

On January 27, 2014, Appellant filed a post-sentence motion, which the court denied on February 10, 2014. Appellant timely filed a notice of

appeal on February 19, 2014. The court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); Appellant timely complied.

Appellant raises a single issue for our review:

> DID THE [TRIAL] COURT ERR IN FINDING THAT THE EVIDENCE WAS SUFFICIENT TO SUPPORT THE CONVICTION FOR PERSONS NOT TO POSSESS FIREARMS?

(Appellant's Brief at 4).[2]

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Diane E. Gibbons, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the issue presented. *See* Trial Court Opinion, filed April 14, 2014, at 2-4 (finding: eyewitness observed Appellant in physical possession of revolver; within

_____

[2] Additionally, we note Appellant's assertions that Mr. Miller did not identify the firearm, and that Mr. Miller's observations were from a distance and very brief, go to the weight of the evidence, not its sufficiency. Likewise, Appellant's challenge to Officer Cabrera's credibility implicates the weight of the evidence. *See Commonwealth v. Price*, 616 A.2d 681, 683 (Pa.Super. 1992) (explaining sufficiency challenge asks whether evidence exists on record to support conviction, whereas argument that witness's account is not credible goes to weight). Appellant did not raise a weight of the evidence claim in a post-sentence motion or at sentencing. Therefore, to the extent Appellant argues on appeal that the verdict was against the weight of the evidence, this claim is waived. *See* Pa.R.Crim.P. 607(A)(1)-(3) (stating challenge to weight of evidence must be raised with trial court in oral or written motion before sentencing or in post-sentence motion). *See also Commonwealth v. Jones*, 874 A.2d 108, 121 (Pa.Super. 2005) (stating "finder of fact, while passing upon credibility of witnesses and weight of evidence produced, is free to believe all, part or none of the evidence").

minutes of that observation, Officer Cabrera also observed Appellant in physical possession of revolver; when Mr. Miller observed Appellant, firearm was holstered; Officer Cabrera recovered holster at Appellant's residence; evidence was sufficient to support jury's finding that Appellant was in possession of firearm). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>11/18/2014</u>

# IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : No.     CP-09-CR-0003924-2013

v.                                    :

JAMES CROAK                           :

## OPINION

On October 22, 2013, following a jury trial, the Defendant, James Croak, was found guilty of Persons not to possess, use, manufacture, control, sell or transfer firearms – convicted of enumerated offense[1] – i.e. Burglary[2] and Possession of a small amount of marijuana for personal use.[3] The Defendant appeals from the judgment of sentence challenging the sufficiency of the evidence to support his conviction of the firearms offense.

The standard for reviewing a sufficiency claim is whether, viewing all the evidence and any reasonable inferences from such evidence, in the light most favorable to the Commonwealth, the finder of fact reasonably could have determined all the elements of the crime were established beyond a reasonable doubt. Commonwealth v. Hardy, 918 A.2d 766, 774 (Pa.Super.2007). The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Commonwealth v. Montalvo, 598 Pa. 263, 956 A.2d 926, 932 (2008). It is sufficient if the circumstances are consistent with criminal activity even though they might likewise be consistent with innocent behavior. Commonwealth v. Herman, 323 A.2d 228, 230 (Pa.Super.1974). Furthermore, it is not for the court to weigh the evidence on review. Hardy, 918 A.2d at 774. Any question of doubt is for the finder of fact to

---

[1] 18 Pa.C.S. § 6105(a)(1).
[2] 18 Pa.C.S. § 3502.
[3] 35 P.S. § 780-113(a)(31)(i).

resolve unless the evidence is so weak and inconclusive that no probability of fact could be drawn from that evidence. Id.

The evidence viewed in the light most favorable to the Commonwealth established that on April 7, 2013, Jared Miller was on the front lawn of his residence when he observed a white male, approximately six feet, two inches, with long brown hair and a beard, wearing a black t-shirt, jeans, and a long-sleeved denim shirt walking in the area of Erie Avenue and Penrose Street in Quakertown Borough, Bucks County. Mr. Miller observed that the individual was stumbling and appeared to be intoxicated. Mr. Miller next observed the Defendant bend over. When he did so, Mr. Miller saw two handguns. One handgun was in a holster on his right hip. The Defendant tucked another handgun in the back of his pants.[4] Mr. Miller testified that he is familiar with firearms as a result of his service in the Army National Guard for eight years. He testified that the holstered gun appeared to be a revolver.[5] Mr. Miller immediately called 911 and reported the above information.[6] Mr. Miller identified the Defendant as the individual he observed on that occasion.[7] When Mr. Miller last observed the Defendant, he was walking on Penrose Street.[8]

Police arrive on scene with three or four minutes of the 911 call.[9] After speaking with Mr. Miller and another neighbor, police responded to the Defendant's residence located at 41 North Penrose Street.[10] Officer Mario Cabrera approached the residence and rang the doorbell three times. On the third attempt, Officer Mario Cabrera looked through the window in the door

---

[4] N.T. 10/22/2013 pp. 47-53.
[5] Id. at p. 68.
[6] Id. at pp. 50-52, Commonwealth Exhibit C-2.
[7] N.T. 10/22/13 pp. 48-49.
[8] Id. at p. 53.
[9] Id. at p. 54.
[10] Id. at pp. 74-77.

2

and observed the Defendant holding a handgun.[11] The Defendant matched the description of the individual given by Mr. Miller.[12] When Officer Cabrera identified himself, the Defendant simultaneously opened the door and tossed the gun behind the door. Officer Cabrera asked the Defendant to step outside. Officer Cabrera then entered the residence and observed a black Smith and Wesson .22 caliber revolver lying next to a holster in the area where Officer Cabrera had seen the Defendant toss the gun. The revolver was loaded with six rounds.[13] The Defendant was thereafter placed under arrest. During a search incident to that arrest, officers discovered a 7 millimeter round of ammunition and a .38 caliber round of ammunition in the Defendant's pocket. Police also found a small smoking pipe on the Defendant's person.[14] The parties stipulated that the Defendant was prohibited from possessing a firearm as of February 9, 1993.[15] The parties also stipulated that the pipe seized from the Defendant's person was submitted to the Bucks County Crime Laboratory for analysis and was determined to contain marijuana residue.[16]

The Defendant's claim that the evidence was insufficient to establish that he was in possession of a firearm is without merit. He was observed to be in physical possession of a revolver by eyewitness Jared Miller. Within minutes of that observation, Officer Cabrera also observed the Defendant to be in physical possession of a revolver. When Mr. Miller observed the Defendant, the Defendant's handgun was holstered. Officer Cabrera found a holster at the Defendant's residence. The evidence was clearly sufficient to support the jury's finding that the Defendant was in possession of a firearm.

---

[11] Id. at pp. 79-80.
[12] Id. at pp. 78-79.
[13] Id. at pp. 81-85, Commonwealth Exhibit C-3.
[14] N.T. 10/22/13 pp. 85-87.
[15] Id. at pp. 115-116, Commonwealth Exhibit C-7 (written stipulation). The Defendant was convicted of Burglary in 1993, an enumerated offense under 18 Pa.C.S. § 6105(b).
[16] N.T. 10/22/13 pp. 114-115, Commonwealth Exhibits C-5 (lab report) and C-6 (written stipulation).

For the reasons set forth above, the claim which the Defendant has raised on appeal is without merit.

BY THE COURT:

4-14-14
**Date**

**DIANE E. GIBBONS, J.**

4